```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

MSC MEDITERRANEAN SHIPPING
COMPANY HOLDING S.A.,

                Plaintiff,

           v.                          16 Civ. 8103 (LGS)

FORSYTH KOWNACKI LLC and
MICHAEL KOWNACKI,

                Defendants.

------------------------------x
                                       New York, N.Y.
                                       October 27, 2016
                                       3:55 p.m.
Before:

                    HON. JOHN G. KOELTL,

                                       District Judge

                         APPEARANCES

GIBSON DUNN & CRUTCHER LLP
     Attorneys for Plaintiff
BY:  ANNE CHAMPION
     RICHARD DUDLEY
     JAMES L. HALLOWELL


ALSO PRESENT:  HEINZ VOGEL
```

1        (Case called)

2        MS. CHAMPION:  My name is Anne champion from Gibson
3   Dunn for plaintiff MSC, and I have with me Richard Dudley,
4   James Hallowell, and Mr. Heinz Vogel from MSC.

5        THE COURT:  Is there anyone here on behalf of Forsyth
6   Kownacki LLC or Michael Kownacki?

7        MS. CHAMPION:  We have not seen anyone, your Honor.

8        THE COURT:  Did you serve the papers on Mr. Kownacki?

9        MS. CHAMPION:  We did, your Honor.  We filed our
10  affidavits of service while we were on our way here.  We were
11  able to serve the LLC through its registered agent and we were
12  able to personally serve a member of Mr. Kownacki's household,
13  Elaine Kownacki.  In addition, we have sent him multiple copies
14  by e-mail.  We have received no bounce-backs.  We have also
15  left him multiple voice messages where he does identify himself
16  in the voice mail message.  We have served him with everything
17  multiple times.

18        THE COURT:  What would you like to tell me?

19        MS. CHAMPION:  Your Honor, just one more thing I
20  wanted to alert you to was that Judge Schofield issued an
21  initial conference scheduling order earlier this afternoon also
22  scheduling that for December 6.

23        But, your Honor, I think the issue here is that
24  Mr. Kownacki, through contract and also by not appearing, has
25  effectively consented to injunctive relief.  Your Honor has

1    already granted a temporary restraining order, and we submit

2    can grant a preliminary injunction on the same record.

3             As your Honor has recognized, the strict rules of

4    evidence do not apply to a hearing on a motion for a

5    preliminary injunction and the Court may consider affidavit

6    evidence.  We would ask you to consider the affidavit of

7    Mr. Vogel as well as of our English law expert, should the

8    Court find that useful.

9             MSC has already satisfied the standard for injunctive

10   relief by demonstrating a likelihood of success on the claims

11   for anticipatory breach and breach of the NDA as well as

12   anticipatory breach of the financing agreement.  MSC has also

13   demonstrated irreparable harm.  That information is set forth

14   in the Vogel declaration.

15            As your Honor is aware, MSC has maintained the

16   confidentiality of its financing information, its financial

17   information, since its inception.  It is a privately held

18   company.  And if this information were suddenly released in the

19   highly competitive industry in which it operates, it would

20   cause MSC irreparable harm, could cause it competitive harm,

21   including the loss of customers, including its competitors

22   using that information, which would reveal its strategy, its

23   investments, the markets where it's investing, and competitors

24   would use that information against MSC to undercut it.  It

25   could also harm MSC in its negotiations with third parties,

1    including banks and vendors, terminal operators, and
2    defendants' purposes are plainly improper here, which the
3    balance of the equities also favors MSC.  Defendants have
4    threatened to disclose this information in order to coerce a
5    settlement.
6              But because MSC can demonstrate a likelihood of
7    success, it's not even necessary to balance the equities, and
8    we would ask that your Honor enter injunctive relief.  We have
9    drafted a proposed order for your Honor's consideration.
10             THE COURT:  You want to pass it up.
11             MS. CHAMPION:  Sure.
12             THE COURT:  Is it your representation that the
13   defendants were served by e-mail correspondence on October 17
14   and 18 and by delivery to Kownacki's last known address on
15   October 19 and delivery to defendant FK's registered agent on
16   October 19?
17             MS. CHAMPION:  Correct, your Honor.
18             THE COURT:  The nondisclosure agreement didn't contain
19   a requirement of return on request, did it?
20             MS. CHAMPION:  The nondisclosure agreement does
21   require that, your Honor.  That's Exhibit 1 to the Vogel
22   declaration.
23             THE COURT:  Did the financing agreement also require
24   that?
25             MS. CHAMPION:  The financing agreement does not

1  address that, your Honor. It is MSC's position that the NDA
2  does cover all years of the financial statements that he has in
3  his possession, however.
4          THE COURT: Right. But it would be incorrect to say
5  that both the nondisclosure agreement and the financing
6  agreement required the return of the --
7          MS. CHAMPION: That's correct, your Honor.
8          THE COURT: It's the financing agreement, right?
9          MS. CHAMPION: The NDA is what requires.
10         THE COURT: The NDA.
11         MS. CHAMPION: Yes. Apologies for that error.
12         THE COURT: Why is it necessary to cite Section 6210
13 of the New York CPLR?
14         MS. CHAMPION: Your Honor, I was asking myself this
15 question. I see it frequently in samples that I looked at and
16 I guess there is some doubt whether it's substance or
17 procedure, so people are using the state law as well. But I
18 agree with your Honor, it's not necessary. Rule 65 is
19 sufficient.
20         THE COURT: It issued a $1,000 bond on the TRO. I
21 don't see any reason why that doesn't continue to be
22 sufficient.
23         MS. CHAMPION: Your Honor, MSC is fine with that, but
24 I do note that Mr. Kownacki and Forsyth Kownacki's failure to
25 oppose the preliminary injunction, some courts have found that

1   that obviates the need for the bond requirement.
2           THE COURT:  Often possible to find some court that
3   does something.
4           Did you post the $1,000 bond?
5           MS. CHAMPION:  We did, your Honor.  We deposited a
6   check with the Court, I think it was on Friday.
7           THE COURT:  I have made some changes and signed the
8   preliminary injunction.  Mr. Fletcher will make a copy and give
9   it to you.
10          MS. CHAMPION:  Thank you, your Honor.
11          THE COURT:  Thank you.  It is Judge Schofield's case,
12  but I signed it as a part I judge.  If you wait, Mr. Fletcher
13  will give you a copy.
14                              o0o
15
16
17
18
19
20
21
22
23
24
25